IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEON CORNELIUS MITCHELL,<br><br>Defendant. | CR 18-21-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I.   Synopsis

Defendant Leon Cornelius Mitchell (Mitchell) has been accused of violating conditions of his supervised release. (Docs. 47 and 57). Mitchell admitted to some of the alleged violations. Mitchell's supervised release should be revoked. Mitchell should be sentenced to custody for 7 months, with 53 months of supervised release to follow. During the first 60 days of supervised release, Mitchell shall be placed in a secure in-patient substance abuse treatment facility.

## II.   Status

Mitchell plead guilty on June 21, 2018, to the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. Section 846 (1) as charged in the Indictment. (Doc. 17). Mitchell was sentenced to 78 months of

custody followed by 5 years of supervised release. (Doc. 35).  Mitchell's current term of supervised release began on January 19, 2024.

### Petition

On May 3, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Mitchell's supervised release. (Doc. 47). The Petition alleged Mitchell violated conditions of his supervised release by: (1) unlawfully possessing a controlled substance, methamphetamine, on May 2, 2024; (2) failing to participate in substance abuse testing by failing to provide a urine sample on April 30, 2024 and attempting to provide a fake urine sample with a device concealed on his person on May 2, 2024; (3) testing positive for methamphetamine on May 3, 2024 and admitting to using methamphetamine on April 27, 2024; and (4) communicating and interacting with someone he knew was engaged in criminal activity on May 2, 2024.

### Initial Appearance

Mitchell appeared before the Court on May 28, 2024.  Mitchell was represented by counsel.  Mitchell stated that he had read the Petition and that he understood the allegations against him.  Mitchell waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on May 28, 2024. Mitchell admitted that he had violated the conditions of supervised release as set forth in the Petition by: (1) unlawfully possessing a controlled substance, methamphetamine, on May 2, 2024; (2) attempting to provide a fake urine sample with a device concealed on his person on May 2, 2024; (3) testing positive for methamphetamine on May 3, 2024, and admitting to using methamphetamine on April 27, 2024; The Defendant denied the first part of allegation (2), specifically by failing to participate in substance abuse testing by failing to provide a urine sample on April 30, 2024 and denied allegation (4), communicating and interacting with someone he knew was engaged in criminal activity on May 2, 2024. The Government moved to dismiss the first part of allegation (2) and allegation (4), which the Court granted. The Court continued the sentencing hearing until August 27, 2024.

**Amended Petition**

On June 13, 2024, the United States Probation Office filed an Amended Petition requesting that the Court revoke Mitchell's supervised release. (Doc. 57). The Petition alleged Mitchell violated conditions of his supervised release by the added allegations of: (5) unlawfully possessing a controlled substance, methamphetamine, on June 13, 2024; and (6) on June 13, 2024, possessing a zip lock bag of urine to utilize for his mandatory substance abuse testing.

### 2nd Initial Appearance

Mitchell appeared before the Court on July 9, 2024. Mitchell was represented by counsel. Mitchell stated that he had read the Amended Petition and that he understood the allegations against him. Mitchell waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned. Mitchell requested an evidentiary hearing regarding the allegations in the Amended Petition. The court then set the evidentiary hearing for July 22, 2024 at 9:00 a.m.

### 2nd Revocation hearing

Mitchell appeared before the Court on July 22, 2024 for an evidentiary hearing. At the outset of the proceeding, the parties advised the Court they had reached an agreement and were prepared to proceed with a revocation hearing in lieu of an evidentiary hearing. The Court proceeded with the revocation hearing. The Court noted that Mitchell had previously admitted to violating the conditions of supervised release as set forth in the initial Petition by: (1) unlawfully possessing a controlled substance, methamphetamine, on May 2, 2024; (2) attempting to provide a fake urine sample with a device concealed on his person on May 2, 2024; and (3) testing positive for methamphetamine on May 3, 2024, and admitting to using methamphetamine on April 27, 2024. The government moved to dismiss allegations (5) and (6) as set forth in the Amended Petition, which the Court granted.

**Sentencing hearing**

Mitchell appeared before the Court on July 22, 2024. Mitchell's violation is a Grade C violation. His criminal history category is III. Mitchell's underlying offense is a Class A felony. Mitchell could be incarcerated for up to 60 months. Mitchell could be ordered to remain on supervised release for 60 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

## III.   Analysis

Mitchell's supervised release should be revoked. Mitchell should be sentenced to custody for 7 months, with 53 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

## IV.   Conclusion

The Court informed Mitchell that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Mitchell of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Mitchell that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Mitchell stated that he wished to waive his right to object to these Findings and

Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS**:

That LEON CORNELIUS MITCHELL has violated the conditions of his supervised release by: (1) unlawfully possessing a controlled substance, methamphetamine, on May 2, 2024; (2) attempting to provide a fake urine sample with a device concealed on his person on May 2, 2024; and (3) testing positive for methamphetamine on May 3, 2024, and admitting to using methamphetamine on April 27, 2024.

The Court **RECOMMENDS:**

That the District Court revoke Mitchell's supervised release and sentence Mitchell to custody for 7 months, with 53 months of supervised release to follow. During the first sixty days of supervised release, Mitchell shall be placed in a secure in-patient substance abuse treatment facility.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the

district court judge and may waive the right to appear and allocute before a district court judge.

    DATED this 23rd day of July 2024.

_____
John Johnston
United States Magistrate Judge